In the MATTER OF THE INVESTIGATION Concerning a Change Alleged to Have Been Made in Court Records in the Case of TOMPKINS SQUARE HOLDING Co., INC., against SIMON W. GERSON — Index No. 1298, Municipal Court of the City of New York, Borough of Manhattan, Ninth District.

First Department, July 1, 1938.

PER CURIAM. This court heretofore appointed Theodore Kiendl, Esq., referee to conduct an investigation concerning the filing of an opinion in the name of Samuel W. Gilson as defendant instead of Simon W. Gerson, against whom an action for rent had been instituted in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District. The investigation has been completed and the report of the referee has been filed.

The Appellate Division of this Department has jurisdiction to entertain and decide charges against justices of the Municipal Court of the City of New York elected in this District. The acts of one of the justices, Arthur P. McNulty, as well as the conduct of three attorneys, Mr. Bertram Sommer, Mr. Ralph S. Hein and Mr. Francis V. Goggins, were the subject of inquiry before the referee. The Appellate Division of the Second Department has exclusive jurisdiction of the other justice concerned, Justice John O'Rourke, by reason of the fact that he was elected in the borough of Queens.

We are in accord with the conclusion of the referee that the conduct of Mr. Sommer and of Mr. Hein in the matter under investigation was beyond reproach, and the report in this respect should be confirmed. We are also in complete accord with the following conclusion of the referee: " None of the practices of any Justice of the Municipal Court of the City of New York or of any attorney in connection with this case was corrupt or fraudulent, or unlawful in the sense that any statute was violated, such judicial or professional impropriety as existed being attributable to impulsiveness and lack of reflection on the part of the Justice and misconception of professional ethics and standards on the part of the attorney for the defendant."

Conceding this, however, we think that certain of the acts of Justice McNulty and of the attorney, Mr. Goggins, are subject to criticism, even though resulting in no injustice and even though no violation of the rights of any litigant was intended. It is true, of course, that the identity of a party may, in a proper case, be withheld in an opinion by the use of the term " anonymous," or some equivalent expression. However, that did not justify the substitution in the opinion of a wholly fictitious name for the correct name in which the action had been instituted, thereby introducing inaccuracy into the records of the court and resulting, perhaps, in a confusion of identity. Although the participants were innocent of any improper motive, the practice is one which we disapprove. Nor did the fact that the case had been decided and a proper judgment directed warrant Justice McNulty in speaking to his colleague concerning a matter with which he had no official connection. To the extent indicated, we approve the report of the referee.

Since we find that none of the participants was actuated by any improper motive and that no right of any litigant was prejudiced, removal of the justice subject to our jurisdiction and further disciplinary action against the attorney Goggins would not be justified. (*Matter of Barlow*, 141 App. Div. 640.) We are, therefore, of the opinion that the evidence disclosed by the record does not warrant the filing of charges against the parties over whom we have jurisdiction.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Report of the referee unanimously approved to the extent indicated in the opinion.