Sidney Squire, J.
These are three motions identified as M-4603, M-4603-A, and M-4628.
The first motion (M-4603), entitled in both claims, is made by Reeves for alternative and multiple relief, i.e.,
(A) 1: To add its claim No. 35310 to the Trial Calendar and consolidate both claims for trial, or 2: To permit Reeves to intervene in the Levin claim; and
(B) “In either event ” to direct the Comptroller, in accordance with section 22 of the Court of Claims Act, to deposit the amount awarded to the Levin claimants, subject to further order of the Supreme Court of the State.
The second motion (M-4603-A) is made by the Levin claimants to dismiss the Reeves claim because it was not filed within two years after the accrual thereof, as required by subdivision 1 of section 10 of the Court of Claims Act.
The third motion (M-4628), entitled only in the Reeves claim (No. 35310), is made by the defendant, the State of New York, to dismiss said claim for the same statutory reason relied on in the second motion.
We shall dispose of these motions in inverse order.
Despite many issues among the parties to the two claims, the following factual chronology is not in dispute: On December 4, 1954, Reeves, as tenant, entered into a written lease with a corporate predecessor of the Levin group as the landlord, affecting certain real property on which an industrial building was *921 to be constructed for use by Beeves. Twenty-seven days thereafter, on December 31, 1954, the State filed a description and map in the office of the Clerk of Nassau County. The effect thereof was to vest title in the State (on said Dec. 31, 1954) to a substantial portion of the leased real property, making it physically impossible for the construction of the intended building. On March 3, 1955, a written agreement and a lease were 'executed and delivered in escrow. The expressed purpose was to construct a building (after certain contingencies were effectuated) for Beeves on another parcel of real property controlled by Levin.
On July 1, 1955, the State served Beeves with a copy of the description and map of the appropriated property with notice of filing thereof. On December 3, 1956, Levin timely filed and served its claim herein (No. 34293). The Beeves claim (No. 35310) was not filed and served until January 31,1958.
Subdivision 1 of section 10 of the Court of Claims Act, prescribes that ‘ ‘ A claim for the appropriation by the state of lands, or any right, title or interest in or to lands shall be filed within two years after personal service of a copy of such description and map and notice of filing thereof ”. The Beeves claim was filed after that Statute of Limitation had expired. Unfortunately, for our present purposes said statute has destroyed the Beeves claim as such in this court. The State’s motion to dismiss said Beeves claim must be granted.
In view of such dismissal, it is academic that there can be no consolidation. Nor can we grant intervention as had been directed by this court in Antonowsky v. State of New York (5 Mise 2d 846). We have searched in vain throughout all of the respective written agreements between Beeves and the Levin combine for a possible basis to utilize the principles of law enunciated in the Antonowsky opinion. We would have preferred, if possible, to retain the Beeves claim in this court as a claim or apparent lien or incumbrance (Court of Claims Act, § 22) but cannot do so under the law.
The lease dated December 4,1954 (27 days before title vested in the State by the “ map filing ” in the County Clerk’s office), has no specific provision exactly applicable to the situation at bar.
Article “ Eleventh ” makes provision for many contingencies, none of which is productive of a solution herein. The first sentence of said article refers to the exercise of eminent domain-as to 1 ‘ the entire premises or of all the buildings thereon. ’ ’ At bar, the entire premises were not taken by the State nor *922 was any building ever erected. The second sentence would apply if the lessee, Beeves, had ever given notice of election to cancel the lease. That was never done.
The first sentence of the second paragraph of said article refers to a proportionate reduction of rent; the next sentence, to arbitration, if the rent reduction is not agreed on.
In the third paragraph of said article, the first sentence would give Beeves the right to claim for itself equipment and fixtures but there never were any equipment and fixtures on the land appropriated. The following sentence might have been applicable if there had been a complete taking or Beeves had exercised its option to cancel. The final two paragraphs of said article are obviously inapplicable, also.
Nor is the subsequent agreement of March 3, 1955, between the parties helpful to Beeves on these motions. Said agreement (made months after the appropriation herein) and an accompanying lease bearing the same date, affecting another parcel of real property, were delivered in escrow ‘ ‘ to become effective only when the conditions of the escrow shall be met and the lease becomes effective ”. The 1955 lease never became effective.
Able counsel for Beeves must have realized the legal predicament which faced the client. The Statute of Limitations was a most formidable bar. Accordingly, the pleading (claim) of Beeves was drawn with astuteness and ingenuity, mindful of the critical juncture.
The Levin claim, as stated, had been filed on December 3, 1956, almost 14 months before the Beeves claim was verified and filed. The Levin claim was for $1,022,802.
The Beeves pleading alleged in paragraph 8 that the Levin claim for damages as owner (of the fee) had theretofore been filed and recited its claim number. In said paragraph, the claim went on to aver that “ The damages herein claimed by Beeves Instrument Corporation are not intended to be in addition to the damages claimed by said alleged owners, but the amount of the damages herein alleged are claimed to be payable out of any award made to said alleged owners ’
The amount of the Beeves damage is alleged to be $385,000 in paragraph 7 thereof, wherein the basis of said damage is pleaded as ‘ ‘ the excess of the fair rental value of the portion of the premises leased to the lessee over the agreed rental, throughout the term of the lease above referred to (dated December 4th, 1954), discounted at the rate of 5% per annum to present worth Parenthetically, it is observed that aside *923 from any other feature, the rule of damage pleaded appears to be licit.
Attention is further directed to the fact that the Beeves claim contains no “ Wherefore clause”. However, that is not essential.
It patently appears that Beeves was hoping to place itself within the purview of section 22 of the Court of Claims Act which empowers this court ‘ ‘ in and by its award and judgment [to] direct the comptroller to deposit the amount awarded as compensation for the property appropriated * * * to be paid and distributed to the persons entitled to the same as ordered by the supreme court on application of any person interested in such award” unless on appropriate consent the same “ may be determined by the court of claims ”.
There are many instances when said section 22 is a most provident implement. However, this court at present cannot construe said section to be one which may be utilized to extend, enlarge or vitiate the applicable Statute of Limitations wisely provided by our Legislature in subdivision 1 of section 10 of the Court of Claims Act. Under the facts in this case where a lessee had ample personal notice of the appropriation and permitted two years to elapse without filing a claim in this court, section 22 would not now be applicable in our court.
Sympathetically, we are inclined toward the situation of Beeves. However, this Court of Claims is a constitutional court with limited jurisdiction. We have no legal right to exceed the boundaries erected by law. It is likely, indeed, that Beeves can proceed in the Supreme Court of our State or possibly obtain an effective enabling act from the Legislature.
For the legal reasons afore enunciated, we are constrained to deny the Beeves motion in its entirety.
The Levin motion to dismiss the Beeves claim because it violates the Statute of Limitations, is denied. The Levin group is not a party to the Beeves claim (No. 35310). One who is not a party to a claim may not move to dismiss said claim. If the Beeves claim had come on for trial, the court could not entertain a motion to dismiss from anyone other than the defendant, the State of New York. In the absence of consolidation of the two claims, we cannot entertain a motion from a claimant in one claim to dismiss the claim of a claimant in another claim.
Short-form orders signed.