Sidney Squire, J.
By order to show cause dated June 3, 1960, the State moved for an order in the alternative (a) to consolidate the two above-entitled claims or (b) to obtain a joint trial thereof. The motion was made returnable on Tuesday, June 7, 1960.
By supplemental affidavit sworn to on June 6, 1960 (and personally served later that afternoon), the State asked that the *444 relief requested in the order to show cause be extended to include a third claim. That is Claim No. 37860, filed a few days prior thereto (on June 1,1960) by Fanny Levin et al. They are the same claimants as in Claim No. 34293 which had been filed on December 3, 1956. The Beeves claim had been filed on September 25, 1958.
Beeves does not oppose the motion. ' On the oral argument, its counsel requested that it be granted. The affidavit of June 10, 1960 confirms that. The Levin claimants oppose the motion on various grounds including prejudice to their rights.
The Levin claim for $1,022,802 is predicated on proceeding No. 955 for the Long Island Expressway (Nassau County), a State Department of Public Works project, wherein title apparently vested in the State on December 31, 1954. The Levin claimants were the owners of this property and the adjoining parcel on which their 1960 claim and the Beeves claim are based, Beeves having been a tenant thereof. (Another phase of these litigations was the subject of an earlier opinion of mine dated January 8, 1959, Levin v. State of New York [Claim No. 34293] and Reeves Instrument Corp. v. State of New York [Claim No. 35310], 14 Misc 2d 919.)
The present Beeves claim (No. 35974) for $128,825.53 and the 1960 Levin claim for $95,565 are the result of an appropriation proceeding instituted for the Long Island State Park Commission (Northern State Parkway) in which title apparently vested in the State on June 5, 1958.
It is essential to recognize that the primary purpose of consolidation or joint trials “is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights ’ ’ (O’Brien, J., in Datz v. Economy Cotton Goods Stores, 263 N. Y. 252, at bottom of page 254) and that an intent of section 96 of the Civil Practice Act, was 1 ‘ to commit to the courts a wide discretion in the administration of litigated business. (Sherlock v. Manwaren, 208 App. Div. 538, 541.) ” (Uterhart v. National Bank of Far Rockaway, 255 App. Div. 859.)
We have on numerous occasions, on our own motion, directed that claims be consolidated or that there be joint trials of claims in the interest of justice. However, the opposing affidavits of Mr. Hoffman, sworn to on June 6, 1960 and on June 9, 1960, demonstrate that the Levin claimants will be substantially prejudiced were this motion to be granted and that delay would result.
It should be emphasized that the two relevant sections of the Civil Practice Act, section 96, headed ‘ ‘ Consolidation and severance of actions and special proceedings ’ ’ and section 96-a, *445 headed “ Joint trial of actions and special proceedings ”, both contain identical verbiage prescribing “ whenever it can be done without prejudice to a substantial right
The burden of showing such prejudice is upon those opposing consolidation or a joint trial (Sherlock v. Manwaren, 208 App. Div. 538). This, the Levin claimants have done amply on the oral argument and in the above two recited affidavits. To grant this motion would be contrary to the interests of justice. The proper exercise of judicial discretion compels the denial of the motion.
In closing, it should be noted that the Levin claimants strongly asserted that we. should not consider the relief requested in the State’s supplemental affidavit because that was not contained in the order to show cause. That related to the 1960 Levin claim. Technically, they are right. However, the order to be signed by us will provide that it is without prejudice to any subsequent motion for a joint trial of the Reeves claim and 1960 Levin claim. They involve one parcel of property.
The 1956 Levin claim and the Reeves claim were about to be tried separately earlier this term. That was prior to the initiation of the instant motion. About a week before the order to show cause was obtained, our Calendar Clerk in this district had informed counsel that Ave would be tentatively available to try the 1956 Levin case beginning June 13, 1960. Levin’s trial counsel then reported that he Avas committed to the Appellate Division for that day. The Assistant Attorney-General stated that one of his most important AAdtnesses, an expert, was due elsewhere for that week. They Avere told that the 1056 LeATii claim could be tentatively tried before me beginning on June 20, 1960. We are holding that week and the folloAviug week for such purpose. Short-form order signed.