G-eorge Tilzeb, J.
The petitioner, in this proceeding pursuant to article 78 of the Civil Practice .Act, applies for an order requiring respondents ‘ ‘ to disregard and refrain ’ ’ from paying certain Department of Sanitation employees compensation in excess of the amount received by them prior to a claimed violation of the Civil Service Law and until three years after their appointment or reappointment. The respondents have moved to dismiss the petition as a matter of law, pursuant to section 1293 of the Civil Practice Act.
The petitioner alleges he is a citizen of this State and the United States and the director of an unincorporated political association; that the employees referred to engage in a strike in violation of section 108 of the Civil Service Law (Condon-Wadlin Law); that the respondents had the opportunity and ability to determine which of the employees engaged in the unlawful strike; that the appointment of the employees was thereupon automatically terminated and they could only be re-employed under certain conditions, one of which is that they may not receive increased compensation within three years from their reappointment; that increased compensation was awarded them in violation of section 108 of the Civil Service Law. Therefore, the respondents should not pay the increased compensation.
This is a proceeding in the nature of mandamus. Article 78 of the Civil Practice Act was enacted to simplify the procedure with regard to certiorari, mandamus and prohibition; the change was only as to form and not in the substantive nature of the remedy. Accordingly, the questions of law and fact to be decided by the court are the same as under the practice prior *560 to the enactment. Mandamus is an extraordinary remedy and drastic in nature. The remedy is discretionary, and should not be granted unless the right is clear and there is no other adequate, efficient or speedy remedy. Nor should it be granted even if there exists a strict legal right which will cause disorder and confusion in public affairs.
In the instant case there is no showing that the right is clear. There has been no determination that the employees were on strike, or which of them were. It has been held that violation of section 22-a of the Civil Service Law (from which the present § 108 was derived) 11 may be established only by proof that the persons charged with such violation failed to report for duty, or willfully absented themselves from their positions, or effectuated a stoppage of work, or abstained in whole or in part from the full faithful and proper performance of the duties of their employment, for the purpose of inducing, influencing or coercing a change in the conditions, or compensation, or the rights, privileges or obligations of their employment ” (Matter of Bagot v. Peterson, 276 App. Div. 1014). In the absence of such finding, the respondents here would be without power to withhold the excess compensation. Accordingly, the petitioner has failed to show a clear right to this remedy. In addition, there is an adequate remedy available here if the respondent is a taxpayer. Section 102 of the Civil Service Law provides an efficient method to declare illegal or to restrain the payment of salary or compensation to city employees in violation of the Civil Service Law. If the petitioner is not a taxpayer, he is not aggrieved and should not be heard on this matter. As a citizen and resident of this State and city, a petitioner in some instances has the right to maintain a proceeding under article 78, involving great public interest, or where the relief would benefit the general public, or for the enforcement by officials of their mandatory duties, even though he has no special or private interest. However, when the Legislature has indicated that a proceeding such as this is to be brought by a taxpayer, the court should not maintain a proceeding unless the petitioner is such.
In the case of Matter of Ahern v. Board of Supervisors of Suffolk County (7 A D 2d 538) the court stated at page. 542 : ‘ ‘ A proceeding in the nature of mandamus may not be used as a substitute for a taxpayer’s action under section 51 of the General Municipal Law ”. So too, here, mandamus may not be used as an alternative remedy for a taxpayer’s action under section 102 of the Civil Service Law. This proceeding may not be determined as an action under the Civil Service Law in view *561 of petitioner’s failure to allege his status as a taxpayer (cf. Matter of Terrell v. Moses, 4 A D 2d 171). Finally, even if the court were to find a legal right in the petitioner to maintain this proceeding, in the exercise of discretion, it should be dismissed. The order, if allowed in this matter, would cause disorder and confusion in the public affairs of the City of New York which should only be done with great reluctance and caution (Matter of Andersen v. Rice, 277 N. Y. 271). Therefore, the motion of the respondents is granted and the petition dismissed.