Richard S. Heller, J.
This motion in substance asks .this court to direct the Comptroller to pay the entire proceeds of a judgment entered in the office of the Clerk of the Court of Claims on September 15, 1961 in the sum of $73,301.33, after deducting the liens of the attorney of record and the Sullivan National Bank, Liberty, New York.
This claim was tried before me and the judgment was directed by me. At the time of trial and judgment, the claimant herein was represented by attorney J. Steven Holt.
On the 16th day of November, 1961, when this motion was heard, the said J. Steven Holt by Motion No. 6209 made an application pursuant to section 475 of the Judiciary Law to establish his lien for legal service. This motion was granted and an order has been signed.
On the present motion it appears that after the filing of the appropriation maps and prior to the entry of judgment, the claimant herein by his attorney-in-fact made an assignment of the proceeds of the award to one Larry B. Engelson. This assignment was filed with the Comptroller.
Claimant Abraham claims to have a general release which relases the lien of Engelson. Engelson, on the other hand, claims that the general release executed by him and Charles Greene to the claimant is for another transaction not related to the subject matter of the lien filed with the Comptroller.
The Comptroller has refused to pay the judgment. He is correct in that, until there is a determination of the validity of *253 the lien and the general release, payment by him would be without authority.
Claimant suggests that this court determine the question of whether or not the general release he offers is in fact a release of the lien on file with the Comptroller. This court does not have the jurisdiction to entertain such a proposal. Section 9 of the Court of Claims Act provides, “ The court shall have jurisdiction * * * 4. To render judgment in favor of the claimant or the state for such sum as should be paid by or to the state. ’ ’ No further power is given this court to enforce the judgment.
Nor does this court have power to direct the Comptroller to pay either the claimant or the assignee of the proceeds. (Court of Claims Act, § 9; Civ. Prac. Act, art. 78.)
All parties here also suggest that, as an alternative to a direction of payment to the claimant or the assignee, this court direct that the award be deposited in a bank and a determination made by the Supreme Court as to the disposition of such funds as provided by sections 22 and 23 of the Court of Claims Act.
Again this court is without the necessary jurisdiction. Section 22 provides: “ If at the time of the appropriation thereof there was any apparent lien ”. These sections apply only to any incumbrance existing at the time of the actual appropriation. They do not allow this court any further discretion.
Claimant has adequate remedies to obtain his money if he is entitled to it. The assignee has a remedy to get his money if he is entitled to it. All this court can do is to agree with the thoughts of the claimant, the assignee, and the Attorney-General, that the procedure could be simplified if the Court of Claims had power to enforce the judgment it renders. The motion is denied. Submit order.