Caroline K. Simon, J.
Claimant moves to file a late claim and aslcs the court to exercise the discretionary authority contained in subdivision 5 of section 10 of the Court of Claims Act; alleging “ an illegal cancellation by the State Liquor Authority of claimant’s restaurant liquor license * * * which resulted in the loss of claimant’s lease * * * and her investment in the leased premises ” and “ the value of the option contained in the lease ” and “ loss of profits
The factual circumstances surrounding the revocation of claimant’s license are set forth in claimant’s moving affidavit and therefore are not recited here. It will suffice to note that claimant duly instituted an article 78 proceeding to review the action of the Authority pursuant to subdivision 4 of section 121 of the Alcoholic Beverage Control Law, which proceeding counsel for claimant on oral argument conceded was still pending.
Defendant does not refute claimant’s allegations but opposes the instant motion on the ground that claimant has failed to state a cause of action, resting its argument on previous decisions of this court in which the actions of the State Liquor Authority have been held to be quasi-judicial in nature, and that the Authority is not subject to respond in damages for the improper or unauthorized performance of its functions, as a matter of law (Toyos v. State of New York, 181 Misc. 761); claimant’s exclusive remedy being that authorized by an article 78 proceeding (Fraccola v. State of New York, 35 Misc 2d 74).
The court concludes that the instant motion must be denied.
The defense of judicial immunity, though well settled in the law, is necessarily grounded on a factual finding that the acts complainted of were “ judicial ” or “ quasi-judicial ”, and, therefore, noncompensable. (See Waterman v. State of New York, 19 A D 2d 264, revg. on other grounds 35 Misc 2d 954.) In her moving affidavit claimant alleges that the actions of the State Liquor Authority in requiring claimant to add the name of her husband to the license, was an administrative function, and contrary to the express provisions of subdivision 2 of section 110 of the Alcoholic Beverage Control Law, which provisions require that any liquor license application must contain the names of only those persons who have a financial interest in the premises to be licensed. Moreover, in an opinion rendered in the article 78 proceeding previously alluded to, Mr. Justice Maekewich found that claimant was the sole owner of the licensed premises, that the City Alcoholic Beverage Control *306 Board required the addition of her husband, George Speare, as colicensee, and that George Speare never had any financial interest in the restaurant, and that under these circumstances claimant was entitled to a final order so stating, which order would void the revocation of claimant’s license. (Matter of Speare v. Epstein, N. Y. L. J., Feb. 27, 1962, p. 13, col. 6.) That court transferred the proceeding to the Appellate Division, First Department, for final disposition, where the proceeding presently is pending.
The foregoing analysis compels the conclusion that claimant may have a meritorious cause of action but must first exhaust her remedies under the article 78 proceeding pending in the Appellate Division as a prerequisite to seeking redress in this court since it is the Supreme Court which determines whether the revocation of claimant’s license was in fact legal or contrary to law. Although subdivision 9 of section 9 of the Court of Claims Act provides that the practice in this court shall be the same as that in the Supreme Court, absent contrary provisions in the Court of Claims Act or the rules of this court, or the Civil Practice Law and Buies, the court does not find that it was the intention of the Legislature to make redress by way of an article 78 proceeding under section 7801 of the Civil Practice Law and Buies available in this forum or to provide concurrent jurisdiction. This conclusion is confirmed by the fact that no case has been found in which a claimant has sought relief by way of an article 78 proceeding in this court.
The court takes notice of the provisions of section 7806 of article 78 of the Civil Practice Law and Buies, which read as follows: “ § 7806 Judgment. The judgment may grant the petitioner the relief to which he is entitled, * * * or may dismiss the proceeding either on the merits or with leave to renew. If the propeeding was brought to review a determination, the judgment may annul or confirm the determination in whole or in part, or modify it, and may direct or prohibit specified action by the respondent. Any restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he might othenoise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity ” (italics added).
Should the Appellate Division sustain the findings contained in Mr. Justice Markewich’s decision of February 27, 1962, and 'should the Appellate Division construe the provisions of section 7806 to permit not only the restitution provided by section *307 127-c of the Alcoholic Beverage Control Law, that is, a prorata refund of claimant’s licensee fee, but also damages for the loss of claimant’s business, then claimant will receive all that she is legally entitled to receive.
Should the Appellate Division determine that the Court of Claims has sole jurisdiction to determine claimant’s right not only to recover statutory restitution (Valenza v. State of New York, 14 Misc 2d 128), but also to recover substantial damages in view of the language contained in section 7806 to the effect that restitution and/or damages is dependent upon claimant having an independent right to recover on the same facts in the Supreme Court against the same parties, and that no actions to recover damage against a State officer for common-law negligence could lie other than in the Court of Claims, then claimant could file her claim and defendant could be heard on the issue of whether the acts of the Liquor Authority complained of were in fact administrative rather than quasi-judicial, and if so whether the doctrine of respondeat superior is properly applicable to compel defendant to respond in damages. These issues are not now properly before this court.
Further analysis is required by defendant’s insistence that subdivisions 3 and 5 of section 10 of the Court of Claims Act bars late filing in any case because of the lapse of the two-year limitations period. This argument is rejected, since the court deems claimant’s rights and remedies do not arise until such time as there is a final and favorable disposition of her pending article 78 proceeding. No cause of action exists until such time, since an unfavorable determination by the Appellate Division, if sustained on appeal, would necessarily require a finding that the Authority’s actions were proper and reasonable, thus nullifying any claim of negligence.
This court holds as a matter of law that the two-year limitations period set forth in subdivisions 3 and 5 of section 10 of the Court of Claims Act does not commence to run until that time. (Waterman v. State of New York, 19 A D 2d 264, supra.)
The motion must be and is hereby denied, without prejudice to the filing of a claim within 90 days of the date of entry of judgment based on a final, favorable determination in claimant’s pending proceeding.