John H. Pennock, J.
This is a motion and special proceeding in mandamus for an order directing the respondent Superintendent of Public Works of the State of New York to forthwith cause to be approved, or to approve and certify to the Comptroller of the State of New York for audit and payment, in *280 accordance with the Highway Law, State Finance Law, and article 10 of the subject contract dated April 4,1956 and estimate number nine referred to in a letter to the Department of Public Works dated November 29, 1963, copy of which is annexed to said petition and marked Exhibit “ B ”, in the sum of $298,188.24, which sum was fixed and determined by the said final estimate and became due and payable to the petitioner upon the formal acceptance of the work performed by the petitioner in accordance with the terms of said contract and the Highway Law on December 15, 1959, which formal acceptance is indicated by letter dated December 16, 1959, annexed to said petition and marked Exhibit “A”, and petitioner have such other and further relief as the court may seem just and proper.
The Attorney-G-eneral submitted an answer by manner of notice of motion and moves for an order dismissing the petition on the grounds that:
1. Petition fails to set forth a right to any relief.
2. There is another action pending between the parties for the relief sought herein, and for such other further relief as the court may deem just and proper.
The court after a review of the record determines that the motion of the respondent for dismissal of the petition is denied. The petition prays for mandamus to compel the Superintendent of Public Works to perform a duty pursuant to statute and to compel the Comptroller of the State of New York to perform a duty likewise compelled by statute.
Apparently the respondent has made objections in point of law as set forth in the motion to dismiss. The respondent raised objections in point of law by setting it forth in its notice of motion and supporting affidavits. This motion is denied and the court permits the respondent to answer the petition within 30 days after notice and entry of order on this decision.
:This court has made an intermediate order for discovery of certain records of the Department of Public Works on a collateral motion for discovery made by the petitioner. This interim order does not affect the instant decision of this court, in that the issues as to whether or not mandamus shall issue shall be determined when the petition and answer and other evidence are before the court for its examination.
The court in making this determination places much significance on that part of an order of the Court of Claims dated October 11,1963, which reads as follows:
“ Ordered, that the issues with respect to the amounts due and owing to the claimant as and for the final payment for the *281 work performed, materials furnished and moneys retained under the contract, as severed, he set down for trial before the undersigned at a term of this court to be held at the Court of Claims Court Rooms, 270 Broadway, New York, New York, as soon as the amount involved shall have been certified by the Comptroller of the State ”.
In effect that court recognized the duty of the Comptroller of the State of New York to act either affirmatively or negatively in respect to the claim of the petitioner, such action having not been performed and the petitioner alleging in the petition that the Superintendent of Public Works must first act upon the claim and certify the claim for payment to the Comptroller, and the Superintendent of Public Works having-failed to act since October 11, 1963 and it is conceivable that such failure to act is justified by the facts and circumstances, however, the Court of Claims order is a condition precedent required before any further action can be entertained by the court.
The Court of Claims having no jurisdiction to issue an order of mandamus to compel the performance of a duty by mandamus of a public body or officer and particularly constituted officers of the State of New York leaves the petitioner no avenue of approach to litigation except in this court.
The petitioner seeks an order of mandamus requiring- the Superintendent of Public Works to approve a final estimate and final payment of money allegedly due it under the contract which is the subject of petitioner’s claim in the Court of Claims. The Attorney-G-eneral in his brief urges that the Superintendent of Public Works is presently trying to ascertain the exact amount which the State concedes to be due. And he further states, ‘1 whether or not the Superintendent of Public Works ultimately determines that any money is due petitioner from the State, petitioner will have an opportunity, when its claim is reached for trial, to prove any damages it has sustained by reason of the State’s alleged breach of contract. Hence, petitioner clearly has a remedy in the instant situation.” This may all be true but the Superintendent of Public Works has not acted negatively or affirmatively on the certification for payment as to what sums of moneys are due or what sums of money are not due to the petitioner herein. This delay may be reasonable or unreasonable and must be tested by the mandamus proceeding.
It is true that mandamus is a discretionary remedy to enforce a clear legal right, it is not available when other means may be used to enforce the right. (Matter of Kaplan v. Lipkins, 19 A D 2d 723.) It is true that mandamus is an extraordinary *282 remedy and drastic in nature. (Matter of Baily v. Gerosa, 26 Misc 2d 558.) However, the facts of the instant case clearly demonstrate that a mandamus proceeding clearly lies for this court to determine whether or not mandamus should issue for the question can be asked if mandamus is not the remedy of the petitioner then what remedy does the petitioner have to compel the public officer to perform the duty which he has according to the statutes of this State. Of course the action of the Superintendent of Public Works is necessary before the Comptroller of the State of New York to make a determination on the claim for moneys under the contract. It is true that the petitioner has a plenary action pending in the Court of Claims and that remedy is exclusive in respect to his claim for payment from the State. However, in order to proceed in that action, it is first necessary that the “ condition precedent” as set forth in the order of the Court of Claims must be met by the petitioner. In any event the petitioner is entitled to a test of his prayer for relief by way of mandamus. If he is not entitled to this relief then it is quite conceivable that the claim in the Court of Claims shall remain in “ limbo ” as the “ condition precedent ” as set forth in that court’s order calls for an act of the Comptroller of the State of New York without which act the Court of Claims shall not entertain the claim of the petitioner. That the act, as provided for by the Court of Claims, of a public official sets the law of the case and the law of this proceeding in that the Court of Claims does not have jurisdiction to entertain a proceeding in mandamus, that such jurisdiction is reserved to the Supreme Court of the State of New York. (Proceedings against body or officer, CPLR, art. 78.)
In conclusion this court determines that the motion of the respondent for dismissal of the petition is denied in all respects.