Sydney F. Foster, J.
This is a proceeding under article 78 of the CPLR, brought by petitioners to compel payment of the sum of $6,159.60, alleged to be interest due under an award and judgment of the Court of Claims.
The following facts appear without controversy. The State appropriated lands and buildings of petitioners in the Town of Dewitt, Onondaga County, and took possession thereof immediately on August 31, 1961. On December 29, 1961 petitioners filed their claim. There were mortgages on the property at the time, and three lessees held leases on various parcels of the property. The lessees filed claims on and between May 2, 1962 and November 8, 1962.
On November 20, 1962 petitioners signed a partial payment agreement which was accepted by the State on December 13, 1962. This agreement provided that the State would pay petitioners the sum of $106,200, which was 60% of $177,000, the amount determined by the Superintendent of Public Works to be the value of all claims for the property appropriated. Petitioners agreed, as a prerequisite to such partial payment, to cause the execution and delivery to the Attorney-General of all formal closing papers which would secure to the State a full release of all claims other than that of petitioners. As a supple *225 ment to this agreement, it was provided that interest should be suspended from the expiration of 30 days after the date of delivery of the closing papers to petitioners and remain suspended until such papers were delivered to the Attorney-General.
On December 28, 1962 the Attorney-General mailed to petitioners’ counsel various closing papers for execution, including those of the mortgagees and lessees. Petitioners’ counsel replied on January 22,1963 to the effect that it would be impossible to obtain the releases forwarded by the Attorney-General, pointing out that the mortgages and claims of leaseholders far exceeded the 60% payment which the State proposed to make. By letter dated January 28, 1963 the Attorney-General agreed that it would be impossible to procure the releases requested, and suggested that all claims be tried at one time, at which time petitioners could apply to the court to be relieved of the suspension of interest. The Presiding Judge of the Court of Claims was apprised of the situation by letter on April 8, 1963. He replied on April 11, 1963, indicating that in his opinion the petitioners were not at fault in the matter and that the case would be set down for immediate trial before interest was suspended.
Petitioners’ claim and the claims of lessees were consolidated and tried in May, 1964. No issue was raised on the trial as to the 60% agreement, and no proof was submitted concerning the same by the State. The Court of Claims awarded judgment to petitioners in the sum of $280,749, with interest from August 31, 1961, the date of appropriation, to the date of entry of judgment. The State stipulated that judgment was to be entered in accordance with the decision and award filed July 1, 1964. Thereafter petitioners made a motion for an order against suspending interest and the State cross-moved to reopen the case in order to put in evidence the offer of partial payment for consideration by the Court of Claims. Both motions were denied by the Presiding Judge in the following language: “ Upon the foregoing papers, this motion and cross motion are denied. It was stipulated by the State that judgment is to be entered in accordance with our decision filed July 1, 1964. In view of the stipulation, there would appear that at this time there is no question before us for determination. We have denied the State’s cross motion as sufficient reasons were not shown upon which a motion to reopen the trial could be granted. The information contained in the State’s papers was available at the time of the trial. Apparently this was not furnished to us in reliance on an interpretation placed by the State upon *226 the effect and application of Chapter 468, Laws o£ 1964. The fact that the State now may desire to change the position taken by it on the trial in not placing the offer of partial payment in the record for our consideration, does not furnish grounds upon which we should grant the State’s cross motion to reopen the trial of this claim.”
A final judgment was entered August 6,1964, granting interest from the date of appropriation. On August 20,1964 the respondents made an initial determination to make payment under the partial payment agreement, and mailed a check to petitioners which was subsequently returned. Thereafter the State appealed from petitioners ’ judgment to the Appellate Division, Fourth Department, which unanimously affirmed the judgment of the Court of Claims (24 A D 2d 840). No further appeal was taken. Thereafter the State Comptroller on December 29, 1965 indicated that he intended to withhold interest on the sum of $106,200, the amount specified in the partial payment agreement, from March 1, 1963 to August 5, 1964, 522 days at $11.80 per day, amounting to $6,159.60. The petitioners refused to accept this determination and, upon reserving their rights as to the interest while accepting satisfaction of the judgment, instituted the present proceeding on February 3, 1966.
On the basis of the foregoing, it seems to me that petitioners are entitled to the relief demanded in their petition for the following reasons. On the trial of the claims the State made no mention whatever of the partial payment agreement. Had it done so, the court could have entertained an application why interest should not be suspended, and determined whether the circumstances furnished a satisfactory reason for granting such application. (Court of Claims Act, § 19, subd. 4.) Again, before judgment was entered petitioners moved to be relieved of any possible suspension of interest, pursuant to the section cited, and the State cross-moved to reopen the case to put.in proof as to the partial payment agreement.
The court’s decision in denying these motions is of great significance. It denied the motion of petitioners on the ground that the State had stipulated that the judgment be entered in in accordance with the decision and award of the court as filed July 1, 1964. In other words, the court held, impliedly at least, that the suspension of interest was not at stake because that issue had been foreclosed. This construction is confirmed by the court’s reference to chapter 468 of the Laws of 1964 (Court of Claims Act, § 20, subd. 9), and the interpretation placed thereon by the State. It is further confirmed by the statement ‘ ‘ the information contained in the State’s papers was *227 available at the time of the trial.” Whether this decision was in the record on appeal to the Appellate Division does not appear, but, whether or no, the State is bound by it, and could not thereafter and in defiance thereof attempt to enforce the suspension of interest clause in the partial payment agreement.
The alternative to this would be to hold that petitioners were not entitled to be heard on the merits of an application against the suspension of interest. It is quite illogical to impute any such determination to the court’s decision on the motions, but rather it must be inferred that, in the court’s opinion, any issue as to the suspension of interest was abandoned and foreclosed by the stipulation of the State. It follows that the Comptroller was without authority to make the determination challenged.
The State argues that this proceeding is barred because it was not commenced within four months after August 20, 1964, the date on which respondents made an initial determination to make payment under the partial payment agreement. There are two answers to this contention. First, the State had a continuing constitutional obligation to pay the award and judgment and the defense of the four months’ limitation is inapplicable. Second, and in any event, the real final determination as to the suspension of interest was not made until December 29, 1965, which was within the four months’ period (CPLR 217).
It seems unnecessary to discuss the authorities cited by the parties since there is no dispute as to the principles enunciated therein. Suffice it to say that none of the cases cited is factually apposite to the facts revealed in the present proceeding.
Petitioners may have judgment for the relief requested, with $50 costs and disbursements.