Sydney F. Foster, J.
This is a motion, made in the Court of Claims, for an order directing the State Comptroller to pay certain claims for stenographic services which have been approved by the New York State Thruway Authority and submitted to the Comptroller for payment. We emphasize the fact that the motion is made in the Court of Claims within the above-entitled action, which has already proceeded to judgment, because an issue of jurisdiction is involved. It should be noted therefore at the outset that the Court of Claims is a court of limited jurisdiction (N. Y. Const., art. VI, § 9; Court of Claims Act, § 9), and a Justice of the Supreme Court does not bring with him the general jurisdiction of the Supreme Court (see N. Y. Const., art. VI, § 26, subds. a, k).
The controversy which is the subject of this motion stems from a long and involved trial in the Court of Claims in which the Thruway Authority was the claimant against the State of New York under an enabling act (L. 1964, ch. 669). The Authority employed its own counsel to prosecute the claim, which was an obvious necessity since the Attorney-General could not prosecute the claim and defend the State at the same time. It appears without substantial dispute that such independent counsel made an express agreement with certain stenographers of the Court of Claims, who had been assigned generally *1004 to the case, to pay for extraordinary stenographic service by way of furnishing a daily transcript of the minutes of the trial, a service which this court previously labelled as one 11 above and beyond the requirement of reasonable diligence ’ ’ which is the statutory duty imposed upon official stenographers in furnishing transcripts (Judiciary Law, § 302, subd. 1; see, Motion M-8438, opinion dated June 7, 1965, and authorities cited therein). Counsel for the Thruway Authority avers to the fact of this agreement and submits to the court copies of the vouchers for such services which had been approved by the Authority and submitted to the Comptroller.
In refusing to pay the same, the Comptroller, in a letter of refusal dated August 8, 1966, stated that he did so on the advice of the Attorney-General (see formal Opinion of the Attorney-General, dated Oct. 4, 1963). Such advisory opinion, however, is concerned with a situation involving the Thruway Authority as defendant in the Court of Claims (Public Authorities Law, § 361-b; Court of Claims Act, § 5, subd. 3). The Thruway Authority in its own behalf as claimant, and in behalf of the stenographers concerned, takes the position that its counsel had the right to make the agreement in question if in their judgment it was for the best interests of their client to be furnished daily copy of the trial minutes; and that neither the Attorney-General nor the Comptroller had the power to veto such an arrangement.
The Comptroller is of course the chief fiscal officer of the State and by statute is made the disbursing officer for Thruway funds that are to be paid upon requisition of the Chairman of the Authority or other authorized agents (Public Authorities Law, § 364). While the Comptroller may have a limited power of audit over requisitions made by the Authority, it would certainly seem to be questionable whether he may, upon the advice of the Attorney-General, refuse to pay a legitimate obligation of the Thruway Authority incurred in a claim where the Authority is the claimant and the State is the defendant. Such a ruling would interfere with claimant’s prosecution of the claim. And it may be pointed out that the funds of the Authority are not State moneys but are kept in a separate account for the benefit of the Authority.
However, and despite the foregoing, we are of the opinion that the Court of Claims lacks jurisdiction in the matter. Assuming that the position of the Thruway Authority has merit, and that the Comptroller has failed to perform a duty enjoined upon him by law, any remedial action should be taken against him in the Supreme Court under article 78 of the CPLB. *1005 (Matter of Dellas v. McMorran, 51 Misc 2d 223; Matter of Koltun v. Board of Educ. of City of N. Y., 25 Misc 2d 294; Speare v. State of New York, 42 Misc 2d 304, 306; cf. Matter of Frazier-Davis Constr. Co. v. Gerosa, 6 A D 2d 112.)
We reach no question regarding any claims, pending or otherwise, of the stenographers in regard to the furnishing of daily copy to the State as defendant in the above-entitled action. Motion denied.