Robert J. Mangum, J.
In this motion claimants seek an order pursuant to chapter 1161 of the Laws of 1971, directing the Comptroller of the State of New York, in accordance with the terms of an agreement of advance payment entered into between the mortgagor and the Commissioner of Transportation, to pay them $59,350 as mortgagees of the appropriated property.
On November 21, 1968 the maps and the designations appropriating the subject property were filed in the office of the Rensselaer County Clerk. Thereafter, the mortgagor instituted a claim in this court for damages arising from the taking.
The Comptroller, on March 24, 1969, in accordance with the conditions of an a'greement for partial payment, paid $210,000, of which claimants received $173,039.06; a balance of $88,517.69 remains to satisfy the mortgage.
Subsequent to the appropriation, the mortgagor was permitted to continue in use and occupancy for a monthly rental of $1,800. The mortgagor has since accumulated an arrearage of $27,000.
Contained within the terms of an agreement for advance payment, dated October 15, 1971 and drawn pursuant to section 30 of the Highway Law, was a provision permitting the deduction of the arrears. The claimants have been requested by the Comptroller to consent to this withholding before any more money will be forthcoming.
The claimants urge that in view of subdivision 13-c of section 30 of the Highway Law the Comptroller’s conduct is unreasonable and capricious. Subdivision 13-c of section 30 of the Highway Law provides in part: ‘ ‘ Where the former owner, tenant or other party holding, using or occupying property acquired pursuant to this section, is entitled to an award growing out of the acquisition of the property by the state, any unpaid portion of the sum fixed for use and occupancy either by agreement, express or implied, or by court action to establish the same, shall be a lien against such award, subject only to liens of record at the time of the vesting of title in the state.”
They petition this court, pursuant to chapter 1161 of the Laws of 1971, for an order to compel payment.
Notwithstanding the effective date of chapter 1161, July 6, 1971, the dispute herein does not present a novel issue.
*54 Claimants seek in effect an order of mandamus to compel the Comptroller to deposit with the clerk of the court, or pay over to claimants themselves, the amount of the offer contained in the agreement dated October 15, 1971. Despite our sympathies, this court lacks the jurisdiction to compel the Comptroller to perform a duty enjoined upon him by law. (New York State Thruway Auth. v. State of New York, 51 Misc 2d 1003; Matter of Ottaviano, Inc., v. McMorran, 48 Misc 2d 279; Abraham v. State of New York, 31 Misc 2d 252.)
The Court of Claims is a constitutional court with limited jurisdiction (Levin v. State of New York, 14 Misc 2d 919); it has no equitable powers except where relief is incidental to enforcement of judgments for money damages. (Psaty v. Duryea, 306 N. Y. 413; Tompkins v. State of New York, 33 Misc 2d 828.)
Nor do the provisions of chapter 1161 of the Laws of 1971 confer upon this court the broad authority permitting issuance of writs of mandamus.
Subdivision 2 of chapter 1161 of the Laws of 1971 provides that, in the event the property owner refuses the offer or cannot present clear title or title is in dispute, the amount of the offer shall be deposited with the clerk of the court having jurisdiction over the proceeding. ‘ ‘ Thereafter the property owner or third party claiming an interest in said deposit may obtain the same or portion thereof pursuant to an order of a court having jurisdiction over the proceeding.”
A mortgagee, though a third party having a valid interest in the offer, cannot obtain an order from this court until after the “offer shall be deposited”. The court’s jurisdiction, according to the statute, does not even arise until that deposit is made.
Although this court does not have jurisdiction to compel the Comptroller to deposit the offer, the claimants are not without recourse. An article 78 proceeding, under the circumstances, would be their appropriate remedy.
Tangentially, the court observes that a procedure requiring claimant, under the circumstances of this case, to first proceed in the Supreme Court pursuant to CPLR article 78, before his interest in the offer can be decided by this court, is defeative of the aims of chapter 1161 of the Laws of 1971. The purpose as described by the State Commission on Eminent Domain in their interim report dated February 1, 1971 and as set forth in the above general statute was clearly to expedite the prompt disposition of claims and avoid the financial hardships concomitant with protracted litigation. Undoubtedly, the problem *55 will be partially alleviated when the mechanics for depositing the funds into this court can be worked out. Legislation, however, should be encouraged to provide the Court of Claims with such powers as would enable it to direct the paying authorities to make the deposit where they are otherwise dilatory.
The motion is denied.