In the Matter of MAXWELL D. SILVERMAN et al. Respondents, *v.* COMPTROLLER OF THE STATE OF NEW YORK et al., Appellants, and 124 FERRY STREET REALTY CORP., Respondent. (Claim No. 52678.)

Third Department, December 28, 1972.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Dennis Hurley* of counsel), for appellants.

*Jack Goodman* for Maxwell D. Silverman and another, respondents.

*Raphael, Searles, Vischi & Sackman* (*Julius L. Sackman* of counsel), for 124 Ferry Street Realty Corp., respondent.

SIMONS, J. This is an appeal from an order of the Court of Claims which granted petitioners' motion to compel the State Comptroller to pay to them the balance of the appraised market value of land taken by the State for highway purposes.

The appeal questions the power of the Court of Claims to mandamus a State officer. That court's jurisdiction to determine claims involving the State has been fixed by the Constitution and statute. (N. Y. Const., art. VI, § 9; Court of Claims Act, §§ 8, 9.) It is generally limited to awarding money damages against the State and is without power to grant strictly equitable relief. (*Psaty* v. *Duryea,* 306 N. Y. 413; *New York State Thruway Auth.* v. *State of New York,* 51 Misc 2d 1003; *Abraham* v. *State of New York,* 31 Misc 2d 252; cf. *Matter of A. E. Ottaviano, Inc.* v. *McMorran,* 48 Misc 2d 279.)

It is the position of the petitioners that jurisdiction has been granted to the Court of Claims by chapter 1161 of the Laws of 1971 which provides that the property owner or third person claiming the interest in property taken by eminent domain may obtain payment of 100% of the condemnor's appraised fair market value of the property by application to " a court having jurisdiction over the proceeding." They contend that since the Court of Claims has jurisdiction to determine the damages sustained by reason of the appropriation under sections 29 and 30 of the Highway Law, chapter 1161 grants jurisdiction to the court to also compel payment of the balance of the appraised value presently held by the Comptroller to them as the unpaid mortgagees. We do not think that that statute is applicable to highway appropriations or that it confers equity jurisdiction on the Court of Claims in appropriation cases.

Eminent domain is an inherent sovereign right of the government implemented by legislative act. In New York, it is exercised either by condemnation in accordance with the procedures outlined in the Condemnation Law or by appropriation and entry in accordance with procedures outlined in various statutes, e.g., Highway Law, Conservation Law, Canal Law. In the case of condemnation, a proceeding is commenced by the filing of a petition by the condemnor. In the case of appropriation, the property is taken by the condemnor by the filing of a map of the property taken and entry upon the land. No legal proceeding is commenced until the condemnee sues for damages. Thus, when it became the desire of the Legislature to provide for the prepayment of damages in eminent domain cases,

two statutes were enacted because the different procedures involved required different mechanics for prepayment. Chapter 1161 and chapter 1155 of the Laws of 1971 were enacted on the same date. Chapter 1161 applied generally and prescribed a procedure for prepayment in condemnation by reference to the proceedings peculiar to that method of taking. Chapter 1155 of the Laws of 1971 increased the prepayment permitted in cases of taking by appropriation and entry from 75% to 100% of appraised market value and specifically amended the Highway Law and other statutes providing for that method of exercising the power of eminent domain. Chapter 1161 dealing with condemnation generally is not applicable to highway takings. (See Condemnation Law, § 27; *County of Orange* v. *Stillman,* 251 App. Div. 857.) They are governed by chapter 1155 and it does not include any grant of equity powers to implement its provisions. Furthermore, the language of subdivision 2 of chapter 1161, relied on by petitioners, is not a grant of jurisdiction. It only provides a procedure for obtaining money already on deposit with the court in condemnation cases. The Court of Claims was without power to grant the relief sought by petitioners.

The order should be reversed, on the law, and the petition dismissed, without costs.

STALEY, JR., J. P., COOKE, SWEENEY and KANE, JJ., concur.

Order reversed, on the law, and petition dismissed, without costs.