Edward J. Amanít, Jr., J.
This is a motion brought by the defendant, the State of New York, to dismiss the instant claim, pursuant to CPLR 3211 (subd. [a], pars. 2, 3, 7), and rule 19 of the Rules of the Court of Claims (22 NYCRR 1200.20), upon the grounds that this court lacks jurisdiction over the subject matter, that the claimant lacks standing to maintain the action, and that the claim fails to state a cause of action.
The o.la.ÍTna.nf, the Police Benevolent Association of the New York State Police, Inc., is a membership corporation, which is the authorized public employees’ association empowered to bargain collectively on behalf of noncommissioned officers, investigators and troopers of the Division of State Police. On August 31, 1971 the claimant entered into and executed an agreement with the State of New York entitled “ Agreement between the State of New York and The Police Benevolent Association of the New York State Police, Inc.” Under the terms of the agreement, the State contracted to have introduced in the New York State Legislature proposed legislation, described in appendix “ A ” of the agreement, which would qualify a certain class of State policemen for additional salary benefits. The State also agreed to recommend passage of the aforesaid legislation.
Pursuant to the agreement, the defendant caused to be introduced in the Senate and the Assembly on January 25, 1972, two bills designated as Senate Bill S. 7710 and Assembly Bill A. 8794. On the 24th day of March, upon third reading, both bills were' amended. Subsequently, the amended bills passed both houses of the Legislature and were signed into law by the Governor on March 30, 1972.
The parties to the agreement, however, disagree as to the qualification date on which benefits to a certain class of policemen were to commence. The State contends that the increased benefits were to be paid to those who qualified on April 1, 1971 and that the additional benefits were to be payable on July 1, 1971. The claimant contends that the State agreed to pay the benefits to those who qualified on July 1, 1971. The legislation enacted into law contained the State’s version of the disputed dates. The parties also disagree as to the interpretation to be placed upon the subject portion of appendix “ A ” of the contract, which deals with the qualification date.
*336 The claimant contends that the State breached its agreement with the association and that, as a result, an undetermined number of policemen, who would have been eligible for additional benefits, have been damaged in the sum of $400 each. On behalf of this undetermined number of its members, who were allegedly damaged, the association filed a claim to recover money damages. In the alternative, the claimant requests a judgment directing that the defendant cause to be introduced and recommend passage of legislation to provide the additional benefits for those policemen who were damaged by the alleged breach of contract.
The State seeks dismissal of the claim on numerous grounds. The first contends that the claim was not timely filed. The claim was filed on September 5,1972. The bills were introduced on January 25, 1972, passed by both houses on March 24, 1972 and signed into law on March 30, 1972. The State takes the position that if there was a breach of the agreement, the breach took place on the day that the bills were introduced, and therefore, the claim for breach of contract was not filed within the statutory six-month period. Since the agreement did not require the introduction of the legislation within a specified period of time, an introduction within a reasonable time would be deemed performance under the agreement. Under such a standard the State would have until the final adjournment of the Legislature to perform. The introduction of legislation, which allegedly did not contain all the terms of the agreement, constituted at most a repudiation of the agreement. Therefore, at any time prior to the signing of the legislation into law or the final adjournment of the Legislature, the State could have caused the bills to be amended and thereby retract its repudiation, absent an election by the association to treat the repudiation as a breach. (Roehm v. Horst, 178 U. S. 1.) Generally, the period of the Statute of Limitations begins to run only from the date set for performance. Where an election to treat a repudiation as a breach has been made, however, the time begins to run from the date of the election. In the instant case no evidence of an election to treat the repudiation as a breach has been brought to the attention of the court. Therefore, the period of limitations begins to run from the date when it could be reasonably said that the State was no longer able to perform; that date was March 30, 1972, the day the bill was signed intolaw. Accordingly, the court finds that the claim has been timely filed.
*337 The next two issues, which the court finds dispositive of this motion, concern the standing of the association to sue on behalf of its members and the jurisdiction of the court to grant the relief requested. In citing authority for its position that it has standing to sue, the association cites CPLR 1004. CPLR 1004 provides: ‘ ‘ Except where otherwise prescribed by order of the court, an executor, administrator, guardian of the property of an infant, committee of the property of a judicially declared incompetent, trustee of an express trust, insured person who has executed to his insurer either a loan or subrogation receipt, trust agreement or other similar agreement, or person with whom or in whose name a contract has been made for the benefit of another, may sue or be sued without joining with him the person for or against whose interest the action is brought.”
The association relied on Psaty v. Duryea (306 N. Y. 413) and three cases [1], as authority for its position that the Court of Claims may exercise equitable jurisdiction. Taking these issues seriatim, the court finds: first, that the claimant in its role as promisee of the collective bargaining agreement may sue only for specific performance to enforce the agreement; second, that the remedy of specific performance is an equitable remedy and the Court of Claims, lacking general equity power, is unable to grant the relief sought by the claimant.
On the first issue, the claimant contends that it has a right to maintain an action on behalf of its membership. The courts of New York State have continually maintained that if the promisee suffers no more than nominal damages,- any action at law would be inadequate, and, therefore, a promisee is entitled to a decree in equity of specific performance. (Croker v. New York Trust Co., 245 N. Y. 17.) Accordingly, the association’s only adequate remedy lies in equity for specific performance enforcing the collective bargaining agreement.[2] The right to maintain an action at law for money damages belongs fo those members of the association, who have been allegedly damaged by the action of the State.[3] As third-party beneficiaries of the *338 collective bargaining agreement, these employees have a right to institute legal action. (Gulla v. Barton, 164 App. Div. 293.)
Having found that the only adequate relief which the claimant may seek is one in equity, it remains only for the court to determine whether it has the power to grant the relief requested by the claimant. The remedy of specific performance is purely an equitable remedy. The associate Judge in Psaty v. Duryea (306 N. Y. 413, 417, supra) stated: “We may assume that, in determining claims for money damages against the State, the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief ”. The claimant has cited three cases, which it claims stand for the proposition that the court may exercise equitable jurisdiction. The first case Wilson v. State of New York (73 Misc 2d 931, supra) involved the enforcement by the court of its judgment in an appropriation case. The equitable relief sought was purely incidental to a money judgment rendered' by the court. The second case Silverman v. Comptroller of State of N. Y. (69 Misc 2d 52, supra) involved a motion by a mortgagor to have certain payments in an appropriation case made payable to himself rather than the mortgagee. In that case Judge Mangum in denying the motion stated (p. 54): “ it [the Court of Claims] has no equitable powers except where relief is incidental to enforcement of judgments for money damages.” The third case, Montgomery v. State of New York (69 Misc 2d 127, supra) was a Supreme Court case, where the court held that the equitable powers possessed by the Court of Claims are restricted to those necessary to enforce a claim for a money judgment.
All of the cases cited indicate that the equitable powers of the Court of Claims are very limited and are restricted to enforcing a money judgment. "’None of these cases are applicable to the instant situation. The court, therefore, finds that it does not have the authority to grant the ^necessary relief and accordingly grants the State’s motion to dismiss the claim.

. Wilson v. State of New York, 73 Misc 2d 931; Silverman v. Comptroller of State of N. Y., 69 Misc 2d 52; Montgomery v. State of New York, 69 Misc 2d 127.

. It may also maintain an action at law for any nominal damages suffered. In the instant case, the claim does not contain a request for nominal damages; therefore, the court need not consider the issue.

. While the claimant has cited CPLR 1004 as a statutory basis for its contention that it has standing to sue, it has cited no cases, which hold that in a donee-beneficiary situation a promisee may sue for monetary damages due the donee-beneficiary.