Frank S. Rossetti, J.
Claimant’s instant application came on to be heard on March 23, 1976 after having been instituted by a show cause order signed by Judge Sidney Squire of this court on March 3, 1976. The relief herein sought is that: (1) claimant be referred to by the pseudonym "John Doe”; (2) claimant’s address be withheld from the record; (3) the affidavit annexed to the notice of intention filed with this court be sealed; (4) the defendant and any third party contacted in the investigation of the intended claim not disclose claimant’s identity or address without claimant’s written consent; and (5) the defendant notify any third parties so contacted of the existence of an "order” regarding the confidentiality of the claimant’s name and address and the fact said "order” applies with full force and effect to said persons.
Claimant has filed a notice of intention alleging a putative claim for damages arising from the release of information concerning claimant’s youthful offender status in violation of CPL 720.35. This statute makes records of a youthful offender adjudication confidential except where specifically authorized by statute or court order (CPL 720.35, subd 2). Claimant obtained an order to show cause in an attempt to prevent further dissemination of such confidential information and thus avoid aggravating the damages already sustained by the alleged prior unauthorized breaches of said confidentiality.
Attached to the notice of intention filed with the clerk was an affidavit disclosing claimant’s name and address. Copies of said notice and affidavit were served on the Attorney-General. The instant order to show cause has also attached thereto a copy of the notice of intention, together with a copy of the aforesaid affidavit which was sealed by Judge Squire. Said papers, coupled with defendant’s affidavit in opposition, are the only papers before this court.
We see no impediment to granting the first three items of relief requested. This court, despite its limited jurisdiction (see Court of Claims Act, §§ 8, 8-a, 9, 12; Psaty v Duryea, 306 NY 413, 416-417; Davidson v State Narcotic Addiction Control Comm., State of N.Y., 81 81 Misc 2d 953, 955-956; Levin v State of New York, 14 Misc 2d 919, 923), has the inherent power of all courts to control its own records and proceedings (see Court of Claims Act, § 9, subd 11; Matter of Hogan v Supreme Ct. of State of New York, 295 NY 92, 95-96; Matter of Smith, 63 Misc 2d 198, 204; Tomlinson Constr. Co. v State of New York, 26 Misc 2d 488, 493-494, affd Tomlinson Bros. *641 Ltd. v State of New York, 15 AD2d 692) and that power includes, in a proper case, keeping a party’s identity confidential. (See Matter of Doe v County of Westchester, 45 AD2d 308; Matter of Tompkins Square Holding Co. v Gerson, 255 App Div 48, 49; Matter of Smith, supra, pp 204-205.) We believe the case at bar is a proper one. Claimant has allegedly already suffered damages from the State’s illegal release of confidential information and it would be anamolous and unjust to require him to risk additional damage through further publication of such information in order to obtain compensation for his original injuries, particularly where the further publication is in public records.
The remaining two items of relief raise substantial difficulties. As noted, this is a court of limited jurisdiction and its equity powers are limited to those granted by statute or incidental to a claim for a money judgment. (See Psaty v Duryea, supra, p 417; Matter of Silverman v Comptroller of State of N.Y., 40 AD2d 225, 226; Montgomery v State of New York, 69 Misc 2d 127, 130, affd 43 AD2d 552; Amato v State of New York, 170 Misc 136, 137.) The only Court of Appeals’ discussion of such powers is notable for its refusal to agree with the Appellate Division’s rather broad statement of such powers and is at best equivocal as to the extent thereof. (See Psaty v Duryea, supra, p 417.)
Here claimant is in effect requesting injunctive relief limiting further disclosure of the subject confidential information. He apparently views items "4” and "5” of his moving papers as in the nature of a preliminary injunction pendente lite (he cites CPLR 6301 as supportive statutory authority in his brief). Unfortunately, although statutes other than the Court of Claims Act have been used to provide a basis for aspects of this court’s jurisdiction (see Amato v State of New York, supra), we do not believe the provisional remedies of the Civil Practice Law and Rules (see CPLR 6001 and CPLR arts 61-65) are generally applicable in the Court of Claims and, in any event, claimant does not come within the cited statute (no action has yet been commenced herein — see CPLR 6301; 12 Carmody-Wait 2d, NY Prac, § 78:8). Further, while it may be argued that an injunction in the nature of a provisional remedy is incidental to an action (see, e.g., 12 Carmody-Wait 2d, NY Prac, § 78:8), here we fail to see how an injunction against future violations of a statute can be considered incidental to a money damage action for past violations thereof.
*642 Jurisdictional considerations aside, we do not believe proper circumstances have been shown for the extraordinary relief requested (claimant not only wants an injunction against defendant, but also against unnamed and unknown third parties). As indicated by defendant’s counsel, the State’s investigation of the intended claim will most likely involve third parties who already have knowledge of the confidential information. Thus, the probability of further damage to claimant is minimal and, in any event, claimant still has the protection of the statute (CPL 720.35, subd 2) as to any unauthorized and damaging disclosures beyond or outside the investigation of the intended claim (claimant’s counsel conceded on oral argument that the State should be allowed to properly investigate the would-be claim). Moreover, we believe the granting of the relief requested in the first three items will adequately protect claimant. The further extraordinary measures requested in items "4” and "5” would seem to provide protection against only possible problematical disclosures and the hindrance such measures would impose on the State in the legitimate investigation of the intended claim far outweigh such limited additional protection.
Accordingly, this motion is granted as limited herein, and it is hereby ordered that claimant be referred to as "John Doe, (Anonymous)” in this proceeding and any other proceeding hereinafter instituted pertaining to the intended claim herein, and it is further ordered that all references to claimant’s true name and address be withheld from the records of said proceedings, and it is further ordered that the affidavit annexed to the notice of intention filed herein be sealed and the copy thereof annexed to the instant order to show cause continue to be sealed, subject to further order of this court.