Albert A. Blinder, J.
This is a motion for an examination before trial of an individual who is familiar with the circumstances and facts surrounding the death of the decedent and for the production of all books, records and documents relating to the subject matter of the claim for discovery and inspection.
The claim heretofore filed seeks to recover damages for pain and suffering as well as the wrongful death of the decedent caused by the alleged negligence of the State’s failing to properly supervise the decedent. The claim was filed pursuant to an order by the Honorable Adolph C. Orlando granting permission to the claimant to file a late claim. The order granting permission was filed on July 7, 1975.
The defendants’ attorney in his affidavit in opposition states that a notice of appeal was filed in the office of the Clerk of the Court of Claims on August 6, 1975 appealing from the order from Judge Orlando granting the motion to permit the late filing. Defendants allege that discovery cannot take place because there is an automatic stay pursuant to CPLR 5519 (subd [a], par 1).
The applicable statutory provision reads as follows:
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
"1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state”.
It is to be noted that the stay applies to all the proceedings to enforce the judgment or order appealed from. "The word *117 ’judgment’ means a final or interlocutory judgment.” (CPLR 105, subd [k].) In the claim at bar, claimant moved pursuant to Court of Claims Act (§ 10, subd 5) for permission to file a late claim. Claimant’s motion in that instance was an application for an order. (CPLR 2211.) The word ’’order” referred to in CPLR 5519 (subd [a], par 1) refers to a final order. The appeal taken by the defendant was from a nonfinal order pursuant to CPLR 5501 (subd [a], par 1). The filing of a notice of appeal from the order entered July 7, 1975 did not effect an automatic stay. (See Robey v State of New York, 42 AD2d 694.)
The "order” which is referred to in CPLR 5519 (subd [a], par 1) relates to the type of final "order” which this court is generally without jurisdiction to grant. This court’s jurisdiction is generally limited to claims for money damages and it is without power to grant strictly equitable relief in the nature of final orders. (Matter of Silverman v Comptroller of State of N. Y., 40 AD2d 225; Abraham v State of New York, 31 Misc 2d 252. Also see Matter of Silverman v Lefkowitz, 41 AD2d 442; New York State Thruway Auth. v State of New York, 51 Misc 2d 1003.) The "orders” that this court has jurisdiction to grant are those not inconsistent with its statutory jurisdiction, pursuant to section 9 of the Court of Claims Act.
CPLR 5519 (subd [f]) provides that the stay of enforcement shall not prevent the court of original instance from proceeding in any matter not affected by the judgment or order appealed from. The court therefore will grant the claimant’s motion for an examination before trial and for the discovery and inspection of all books and records relating to the issues.